Massachusetts Local Form 3

# United States Bankruptcy Court
## District of Massachusetts

In re: Giuberti, Luiz                                    Case No. 4:15-bk-41753
                                                         Chapter: 13

AMENDED CHAPTER 13 PLAN COVER SHEET

| Filing Date: | 01/16/2016 | Docket #: | 4:15-bk-41753 |
|---|---|---|---|
| Debtor: | Luiz G. Giuberti | Co-debtor: | |
| SS#: | XXX-XX--6983 | SS#: | |
| Address: | 26 Ivy Lane<br>Milford, MA  01757 | Address: | |

| Debtor's Counsel: | Carmenelisa Perez-Kudzma |
|---|---|
| Address: | 413 Boston Post Rd<br>Weston, MA  02493 |
| e-mail: | carmenelisa@pklolaw.com |
| Telephone #: | 7812095596 |
| Facsimile #: | 9786001482 |

ATTACHED TO THIS COVER SHEET IS A PRE-CONFIRMATION AMENDMENT TO THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS, AS PRESENTLY ESTIMATED BY THE DEBTOR(S) BASED ON AVAILABLE INFORMATION, ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) IN THE BANKRUPTCY COURT, BUT NOTE THAT RULE 13-13(a) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES REQUIRES ANY CREDITOR WHO WISHES TO RECEIVE DISTRIBUTIONS UNDER THE PLAN TO FILE A PROOF OF CLAIM CONFORMING TO OFFICIAL FORM 10. ANY CLAIM TO WHICH THE DEBTOR(S) OBJECT WILL BE PAID ONLY IN THE AMOUNT ALLOWED BY THE COURT.

YOU WILL RECEIVE (OR ALREADY HAVE RECEIVED) A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO RULE 13-10(b) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE DEBTOR FILES A CERTIFICATE OF SERVICE CONCERNING THIS AMENDED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN.

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

# United States Bankruptcy Court
## District of Massachusetts
### Amended Pre-Confirmation Chapter 13 Plan

Docket No: 4:15-bk-41753

Debtors:

Luiz G. Giuberti                                                                                     SS#: -6983

                                                                                                     SS#:

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of **$575.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii)

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:     **N/A**

☐ 60 Months. The Debtor states as reasons therefore:    **N/A**

## II. SECURED CLAIMS, EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

A. Secured claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Claim Amount |
|---|---|---|
| Massachusetts Department of Revenue | Taxes | $21,711.49 |
| | **Total to be paid through the plan:** | **$21,711.49** |

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

B. Claims to be paid directly by debtor to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| CIT Bank / OneWest | **First Mortgage:** 26 Ivy Lane, Milford, MA |

C. Modification of secured claims:

| Creditor | Details of Modification | Plan Payments |
|---|---|---|
| (None) | | |

D. Executory Contracts and Unexpired Leases:

The Debtor(s) intend to assume or reject the lease claims of the following creditors, to assume or reject the executory contracts with the following parties, and to pay the indicated lease arrears through the plan:

| Lessor/Other Party | Assume or Reject | Arrears to be paid through plan |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

E. Total of secured claims and lease/contract arrears to be paid through plan (A + D):  **$21,711.49**

## III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

B. Other:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Massachusetts Department of Revenue** | Taxes | **$3,592.46** |
| | **Total to be paid through the plan:** | **$3,592.46** |

C. Total of priority claims to be paid through plan (A + B):  **$3,592.46**

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

## IV. ADMINISTRATIVE CLAIMS:

A. Attorney's fees (to be paid through the plan): **$0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Carmenelisa Perez-Kudzma** | **Attorney Fees** | **$3,600.00** |
| | **Total to be paid through the plan:** | **$3,600.00** |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10.00% Trustee's commission.

D. Total of administrative claims to be paid through plan (A + B): **$3,600.00**

## V. UNSECURED CLAIMS:

This is a pot plan, in which the total of all payments in respect of non-priority unsecured claims (including the unsecured portion of undersecured claims) will be no less than **$2,146.05**, the net present value of which using a **3.25%** discount rate is **$1,844.09**. Based on claims currently known to the Debtor(s), holders of such claims will receive a dividend of approximately **54.17%**

A. General unsecured claims: **$3,404.02**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

C. Non-dischargeable unsecured claims (so classified for purposes of calculation without prejudice to the Debtor(s)' right to contest dischargeability):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

| | |
|---|---|
| Total of unsecured claims (A + B + C): | **$3,404.02** |
| D. Future value of projected dividend: | **$2,146.05** |

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

## VI. OTHER PROVISIONS:

    A.  Liquidation of assets and other lump sums to be used to fund plan: **N/A**

    B.  Miscellaneous Provisions:

1) Debtor was obtained a permanent loan modification to address the arrears owed to CIT Bank / OneWest

2) Debtor is no longer the title owner of the income property located at 7361 Woodbrier Ct Orlando, Florida. As stated in his Schedule B, there was a fraudulent transfer of this real estate asset on March 19, 2015. This action was committed by Global Business Serv Worldwide Inc, Adele and Sybil Singh and Totaram Singh. A purported deed from Debtor to Global Business Serv Worldwide Inc. was recorded in the Orange County Registry of Deeds. Debtor disputes that such deed was signed by him.

Although this property is underwater, Debtor believes that tort fraud damages exist. However, Debtor is not planning to reinstate title not to prosecute any claims as he cannot afford the same. Thus, Debtor is surrendering any and all interest in the Property.

## VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| a. Secured claims (section II Total): | **$21,711.49** |
| b. Priority claims (section III Total): | **$3,592.46** |
| c. Administrative claims (section IV Total): | **$3,600.00** |
| d. General unsecured claims (section V-D Total): | **$2,146.05** |
| e. Separately classified unsecured claims (section V-E Total): | **$0.00** |
| f. Total of (a) through (e) above: | **$31,050.00** |
| g. Divide (f) by 0.90 for total including Trustee's fee: | **$34,500.00** |
| h. Less assets to be liquidated to fund plan and other lump sums (Section VI-A): | **$0.00** |
| i. Total plan payments required to be made by the Debtor ((g) minus (h)): | **$34,500.00** |
| j. Divide (i) by term of plan (60 months): | **$575.00** |
| k. Round up nearest dollar to yield monthly plan payment: | **$575.00** |

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

Pursuant to 11 U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. § 1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS:

| Asset | Equity | Exemption | Available Chapter 7 |
|---|---|---|---|
| 7361 Woodbriar Ct, Orlando FL 32835 | $0.00 | $0.00 | **$0.00** |
| Walking Around Money | $55.00 | $55.00 | **$0.00** |
| Santander - Business Account - Limo Service DBA - x9427 | $4,469.21 | $4,469.21 | **$0.00** |
| Santander Personal Bank Account - Checking x8220 (Joint with Spouse) | $163.86 | $163.86 | **$0.00** |
| Santander Personal Savings Account x4421 (Joint with Spouse) | $217.13 | $217.13 | **$0.00** |
| Household Goods and Furnishings | $10,000.00 | $10,000.00 | **$0.00** |
| Model Toy Cars - See attached photos. | $6,500.00 | $6,500.00 | **$0.00** |
| Clothing and Shoes | $500.00 | $500.00 | **$0.00** |
| Jewelry | $1,200.00 | $1,200.00 | **$0.00** |
| Janet Pastore - Missing Rental Payments for Tenancy at 61F Foxmeadow Rd, Leominster ($1200 per month) | $8,000.00 | $1,319.80 | **$6,680.20** |
| 2002 Ford Econo Van 449,000 Miles | $2,300.00 | $2,300.00 | **$0.00** |
| Fraudulent Transfer of property located 7361 Woodbrier Ct Orlando, Florida on March 19, 2015 committed by Global Business Serv Worldwide Inc and Adele and Sybil Singh and Totaram Singh. Although the property was underwater, Debtor believes fraud damages may arise. | $0.00 | $0.00 | **$0.00** |
| Potential Predatory Lending Claim against OneWest Bank relating to the real property located at 26 Ivy Lane, Milford, MA | $0.00 | $0.00 | **$0.00** |
| Totals: | $33,405.20 | $26,725.00 | **$6,680.20** |

Total non-exempt assets: $6,680.20

Less chapter 7 trustee fees per 11 U.S.C. § 326(a): $1,289.10

Less estimated chapter 7 administration expenses: $0.00

**Net amount available for distribution in c. 7:** **$5,391.10**

Additional comments regarding liquidation analysis:  **N/A**

## IV. SIGNATURES:

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Carmenelisa Perez-Kudzma                                             05/24/2016
Carmenelisa Perez-Kudzma (633520)                                        Date
413 Boston Post Rd
Weston, MA  02493
Tel.: 7812095596
Fax: 9786001482
e-mail: carmenelisa@pklolaw.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Luiz G. Giuberti                                                     05/24/2016
Debtor                                                                   Date